IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAD STROBLE,

                Petitioner,

    v.                                      CASE NO. 03-3155-SAC

N.L. CONNER, Warden,

                Respondent.

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2241. Petitioner, a federal prisoner, seeks credit on his federal sentence for time spent in state custody.

**Background**

Petitioner was arrested on October 14, 1996, by Kansas City, Kansas, police for possession of a firearm while on state parole. He remained in the custody of Wyandotte County, Kansas, authorities until he was taken into custody by the U.S. Marshals Service on January 23, 1997, pursuant to a writ of habeas corpus, for prosecution on federal charges of felon in possession of a firearm. Petitioner was found guilty of that charge by a jury in March 1997, and he was sentenced on September 8, 1997, to a term

of 87 months.

On September 29, 1997, petitioner was returned to state authorities for service of his state parole violator term.  A federal detainer was lodged with Kansas authorities.

During his incarceration in state custody, petitioner was charged with trafficking contraband in prison.  When petitioner was discharged from his parole violator sentence in August 1999, he was released to Leavenworth County authorities on the new charge.

On October 13, 1999, petitioner was transferred to the Leavenworth facility operated by the Corrections Corporation of America.  It is undisputed that this transfer was the result of an administrative error.  On October 27, 1999, petitioner was transferred to the United States Penitentiary, Leavenworth.  However, on November 2, 1999, petitioner was transferred to Leavenworth County on the pending state charge.  On November 8, 1999, he was sentenced to a state term of 32 months on the trafficking charge.

On February 21, 2002, petitioner was released from state custody to the federal detainer for service of his federal sentence.  He received 26 days of federal jail credit and 78 days of credit on his state sentence for the period from August 4, 1999, to November 15, 1999.

**Discussion**

Petitioner seeks a determination that his federal sentence commenced on October 13, 1999, upon his arrival at the CCA facility, or no later than October 27, 1999, upon his arrival at the U.S. Penitentiary, Leavenworth.  He also argues that his federal sentence continued to run throughout his 32 months in state custody.

Petitioner's federal sentence must be evaluated under 18 U.S.C. 3584 and 3585.  Section 3584(a) establishes the principle than where multiple prison sentences are imposed at different times, those sentences run consecutively unless the district court orders concurrent service.  In this case, the sentences were specifically ordered to run consecutively.

Next, section 3585(b) provides:

(b) Credit for prior custody.
A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

Petitioner argues that his transfer to federal authorities operated to commence the running of his federal sentence, and that the sentence continued to run following his return to state custody. Petitioner relies, in part, upon the holding in <u>Luther v. Vanyur</u>, 14 F. Supp. 2d 773 (E.D.N.C. 1997).  In that case, the

3

defendant absconded after being convicted on federal charges. He then was arrested on new charges. Following a state court conviction on the new charges, he was mistakenly transferred to federal custody and served approximately three years on his federal sentence before being returned to state custody. Upon his parole from the state sentence, the defendant was placed in federal custody to complete the federal sentence. Because the federal Bureau of Prisons did not allow credit for the time spent in service of the state sentence, he sought relief in habeas corpus. Examining the claim in light of cases which granted relief in cases of mistaken release of prisoners, the court determined that Luther was entitled to credit and granted relief.

Other courts, however, have rejected the reasoning of the Luther court and have looked to whether a petitioner was required to serve an extended sentence due to the erroneous transfer of custody. In Free v. Miles, 333 F.3d 550 (5th Cir. 2003), the petitioner was convicted of state charges and incarcerated in a state prison. The following month, he was indicted on federal charges and transferred to federal custody for prosecution. Following his entry of a guilty plea, he was transferred, in error, to a federal correctional facility. Several months later, when federal authorities discovered the oversight, they returned Free to state authorities to complete his sentence. Upon his

parole from the state sentence and return to federal custody, Free sought credit on his federal term for the time he served in state custody.

The federal district court granted some relief, but denied Free's claim for credit for time served in state custody. The Fifth Circuit upheld that result on appeal, stating:

> It is apparent from the record that Free's *total* time of incarceration in both federal and state prisons has *not* been-and will not be-increased by even a single day as a result of his mistakenly serving the first six months of his federal sentence prior to completing the service of his state sentence. Although the BOP originally did not give Free credit for these six months, he rightly and successfully challenged that decision in the instant habeas petition; a result that the government has not appealed. Thus, Free is serving the correct total time of his consecutive state and federal sentences. That he will have done so in two shifts between sovereigns rather than one is of no moment. 333 F.3d at 555 (emphasis in original).

Having studied the record, the court is persuaded that the result reached by the Free court is the better approach and that relief must be denied. First, the record does not suggest that petitioner's period of incarceration has been extended due to the error which resulted in his brief transfer to federal custody. Petitioner is serving multiple, consecutive sentences, as ordered by the sentencing courts. Next, the court agrees with the Free court's observation that an administrative error which results in transfers between sovereigns should not operate as a "'get out of jail early' card". Free, id. Finally, this approach finds some support in Tenth Circuit case law. In Cathcart v. U.S. Bureau of

5

Prisons, 211 F.3d 1277 (Table)(10th Cir. 2000), the petitioner was transferred to federal custody due to an administrative error while he was serving four state sentences. When the error was discovered, petitioner was returned to state custody. He challenged the failure of the Bureau of Prisons to grant credit for time in federal custody on both his federal and state sentences and alleged he was being required to serve his sentence in installments. The Court of Appeals reviewed the provisions of 18 U.S.C. 3584(a) and 3585(b), determined that Cathcart's sentences were to be served consecutively, and noted that he received credit on his state sentences for the time spent in federal custody as a result of his erroneous transfer. Finding that the petitioner was "in the same position he would have been had he served the full state sentence in state custody", id. at *2, the court denied habeas corpus relief.

After careful consideration of the record and the case law cited by the parties, the court concludes the petitioner is not entitled to the relief he seeks which would, in effect, result in a conversion of his federal sentence to a concurrent term.

IT IS THEREFORE ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion for ruling (Doc. 21) is denied as moot.

Copies of this order shall be transmitted to the parties.

6

**IT IS SO ORDERED.**

DATED:  This 8th day of September, 2005, at Topeka, Kansas.


                                S/ Richard D. Rogers
                                RICHARD D. ROGERS
                                United States District Judge